

**SO ORDERED,**

*Jamie A. Wilson*

**Judge Jamie A. Wilson**
United States Bankruptcy Judge
Date Signed: October 19, 2023

**The Order of the Court is set forth below. The docket reflects the date entered.**

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

In re:

**TENNIE V. ROBERTS**  Case No.: 23-01764- JAW

DEBTOR.  Chapter 13

### ORDER CONFIRMING CHAPTER 13 PLAN

The debtor's plan was filed on 09/08/2023, and amended/modified by subsequent order(s) of the court, if any. The plan was transmitted to creditors pursuant to Bankruptcy Rule 3015. The court finds that the plan meets the requirements of 11 U.S.C. § 1325.

IT IS ORDERED THAT:

1. The debtor's chapter 13 plan attached hereto is confirmed.

2. The following motions are granted *(if any)*:

    a. Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims made under Rule 3012 (§ 3.2 of the plan);
    b. Motion to avoid lien pursuant to Section 522 (§ 3.4 of the plan).

3. The stay under Section 362(a) is terminated as to the collateral only and the stay under Section 1301 is terminated in all respects regarding collateral listed in Section 3.5 of the plan *(if any)*.

4. All property shall remain property of the estate and shall vest in the debtor only upon entry of discharge. The debtor shall be responsible for the preservation and protection of all property of the estate not transferred to the trustee.

5. The debtor's attorney is awarded a fee in the amount of $4,000.00 of which $3,545.00 is due and payable from the estate.

##END OF ORDER##

Approved:  Submitted by:

/s/ WILLIAM WESLEY STOVER, JR.  /s/ David C. Rawlings
WILLIAM WESLEY STOVER, JR. – MSB #_____  David C. Rawlings
THE LAW OFFICES OF WES STOVER  Standing Chapter 13 Trustee
403 SOUTH STATE STREET  P. O. Box 31980
JACKSON, MS 39201  Jackson, MS 39286-1980
Phone: (601)949-5000  Ofc: 601-981-9100
e-mail:  Fax: 601-981-9888
  Email: dcrjax@dcrch13.net

Fill in this information to identify your case:

Debtor 1: **Tennie V. Roberts**
Full Name (First, Middle, Last)

Debtor 2:
(Spouse, if filing) Full Name (First, Middle, Last)

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF MISSISSIPPI**

Case number:
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
**Third Amended Plan**
3.2

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance

12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Length of Plan.**

The plan period shall be for a period of __60__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay ~~$2,280.00~~ **$2,368.00** ☑ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

Debtor paying personally

APPENDIX D                                  Chapter 13 Plan                                  Page 1

Debtor  Tennie V. Roberts  Case number

### 2.3 Income tax returns/refunds.

*Check all that apply*

- [x] Debtor(s) will retain any exempt income tax refunds received during the plan term.

- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

- [ ] Debtor(s) will treat income refunds as follows: _____

### 2.4 Additional payments.

*Check one.*

- [x] **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

## Part 3: Treatment of Secured Claims

### 3.1 Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).

*Check all that apply.*

- [x] **None.** If "None" is checked, the rest need not be completed or reproduced

### 3.2 Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*

- [x] Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* | |
|---|---|---|---|---|---|---|
| Republic Finance | $10,881.68 | various non-exempt household items | $3,000.00 | $3,000.00 | 7.00% | POC FILED |

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is _____

### 3.3 Secured claims excluded from 11 U.S.C. § 506.

*Check one.*

- [ ] **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
- [x] The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle

Mississippi Chapter 13 Plan                                                                 Page 2

Debtor: Tennie V. Roberts    Case number: _____

acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim | Interest rate* | |
|---|---|---|---|---|
| Magnolia Federal | 2017 GMC Denali XL 62001 miles | $55,084.58 ~~$54,645.00~~ | 7.00% | POC FILED |
| ~~Performance Finance~~ WAYFINDER BK | ~~2014~~ Kawasaki 1400 Motorcycle 2009 | $6,057.09 | 7.00% | POC FILED |

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

Insert additional claims as needed.

3.4  Motion to avoid lien pursuant to 11 U.S.C. § 522.

Check one.
[✓] None. If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

3.5  Surrender of collateral.

Check one.
[✓] The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral | |
|---|---|---|
| Tower Loan | Stover & Refrigerator | POC FILED |
| BMW Bank of North America | 2022 BMW X3 Utility 4D 30i 2.0L I4 Turbo | POC FILED |

**Part 4: Treatment of Fees and Priority Claims**

4.1  General
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2  Trustee's fees
Trustee's fees are governed by statute and may change during the course of the case.

4.3  Attorney's fees.

[✓] No look fee:  4,000.00

| | |
|---|---|
| Total attorney fee charged: | $4,000.00 |
| Attorney fee previously paid: | $455.00 |
| Attorney fee to be paid in plan per confirmation order: | $3,545.00 |

[ ] Hourly fee: $_____. (Subject to approval of Fee Application.)

4.4  Priority claims other than attorney's fees and those treated in § 4.5.

Check one.
[✓] None. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.
[ ] Internal Revenue Service     $0.00
[ ] Mississippi Dept. of Revenue  $0.00

Mississippi Chapter 13 Plan    Page 3

Debtor    Tennie V. Roberts                    Case number _____

**4.5    Domestic support obligations.**

DUE TO:  LaRosha Well 156 Blackmon Road Byram MS 39272
         c/o Constance Morrow Post Office Box 352 Jackson MS 39205

POST PETITION OBLIGATION: In the amount of $ ~~$425.00~~ $400.00   per month beginning   ~~SEPTEMBER 2023~~ October 2023

To be paid ☐ direct, ☐ through payroll deduction, or ☑ through the plan.

PRE-PETITION ARREARAGE: In the amount of $ ~~$1,700.00~~ $2,787.31   through   AUGUST 2023 ~~September 2023~~

which shall be paid in full over the plan term, unless stated otherwise:

To be paid ☐ direct, ☐ through payroll deduction, or ☑ through the plan.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $
☑ 100.00 % of the total amount of these claims, an estimated payment of $ 22,208.00
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately **$0.00**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2    Other separately classified nonpriority unsecured claims (special claimants).** *Check one.*

☑ None. If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

**6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage |
|---|---|---|---|---|
| Twin Carrier, LLC | 18 wheeler | $700.00 weekly<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 | |

☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage |
|---|---|---|---|---|
| Twin Carrier, LLC | Trailer | $225.00 weekly | $0.00 | |

| Debtor | Tennie V. Roberts | | Case number | |
|---|---|---|---|---|
| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage |
| | | Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | | |

### Part 7: Vesting of Property of the Estate

7.1 Property of the estate will vest in the debtor(s) upon entry of discharge.

### Part 8: Nonstandard Plan Provisions

8.1 Check "None" or List Nonstandard Plan Provisions
☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9: Signatures:

9.1 Signatures of Debtor(s) and Debtor(s)' Attorney
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X  /s/ Tennie V. Roberts
**Tennie V. Roberts**
Signature of Debtor 1

X _____
Signature of Debtor 2

Executed on **August 2, 2023**

Executed on _____

**2600 Highway 16 East**
Address
**Canton MS 39046-0000**
City, State, and Zip Code
**601-850-9897**
Telephone Number

Address
City, State, and Zip Code
Telephone Number

X  /s/ William W. Stover, Jr.
**William W. Stover, Jr.**
Signature of Attorney for Debtor(s)
**403 South State Street**
**Jackson, MS 39201**
Address, City, State, and Zip Code
**601-949-5000**
Telephone Number
**wes@wesstover.com**
Email Address

Date **August 2, 2023**

**8885 MS**
MS Bar Number